## JOHN F. CROXFORD *vs.* MASSACHUSETTS COTTON MILLS.

One summoned as trustee in foreign attachment in a police court disclosed funds, and was discharged by a judgment in favor of an intervening claimant. The plaintiff appealed to the court of common pleas, where the trustee was charged. *Held,* that the trustee was entitled to costs in the court of common pleas, and might set off the amount thereof upon a *scire facias* on the judgment against him.

SCIRE FACIAS upon a judgment against the defendants as trustees of William Page. Trial in the court of common pleas in Middlesex at March term 1859, before *Perkins,* J., when a verdict was returned for the defendants, and the plaintiff alleged exceptions.

*D. S. Richardson*, for the plaintiff, cited Rev. Sts. *c.* 109, § 41 · *Norris* v. *Hall*, 18 Maine, 332; *Hoyt* v. *Sprague*, 12 Pick. 415, *Thompson* v. *Lowell Machine Shop*, 4 Cush. 431.

*H. G. Blaisdell*, for the defendants, cited Rev. Sts. *c.* 109, §§ 14, 22; *St.* 1845, *c.* 188.

MERRICK, J. Upon their answer·and examination in the police court of Lowell, where the original writ against Page in which they had been summoned as his trustees was returnable, the defendants disclosed that they were indebted to him in a small sum of money, the exact amount of which was particularly stated; but in consequence of the successful intervention of a party who claimed that the debt thus shown to be due to Page had been assigned to him, judgment was rendered that they be discharged with costs. The plaintiff thereupon appealed to the court of common pleas, both from the judgment obtained by them and from that which was rendered for the claimant. This necessarily carried the whole case into the appellate court. Afterwards, by some arrangement between the parties, the claimant withdrew from the action, and judgment was rendered for the plaintiff, and the defendants were charged as trustees of Page, and allowed to retain from the amount of their indebtedness their legal costs.

The question is, whether they were entitled to tax costs in the court of common pleas. If they were, the amount to which they were so entitled exceeded their indebtedness, and consequently this action cannot be maintained, for they were no longer the debtors of Page, and nothing remained which could be recovered of them by the plaintiff.

After the transfer of the action to the court of common pleas by the appeal taken by the plaintiff, the principal and perhaps the only matter in litigation there was the question in controversy between him and the party claiming to be the legal assignee of the debt due to Page. But the defendants had an interest in the determination of that question, because their own responsibility to the one or the other of those parties depended upon it. It was essential to their own security therefore that they should be acquainted with the progress and know what

was the termination and result of the litigation; for otherwise they would be uninformed respecting their own liabilities, and unable to determine which of the parties, upon receiving payment, could give them a legal and valid discharge. They had a right therefore to enter their appearance in the appellate court, and to attend there for such reasonable length of time as would afford them sufficient opportunity to do and ascertain whatever was essential to the protection of their own interest. We do not mean to say that, if the litigation between the other parties to the suit was greatly protracted, trustees in cases like the present would rightfully be in constant attendance, and thus entitle themselves at its close to costs for travel and attendance at every term. That would be unnecessary, and consequently such a taxation of costs unjust. The extent to which they may properly appear in court from time to time must in each case be determined upon the circumstances attending it. But in all cases they would be entitled to tax for their travel and attendance for at least one term. This is substantially in accordance with the rule laid down in the case of *Hoyt* v. *Sprague*, 12 Pick. 415, where it was held that there should be no allowance of costs to a trustee beyond the time when there ceased to be any occasion for his further appearance in court.

It is immaterial that the costs to which the trustees were entitled were not taxed in form until the time of the trial of the present suit. They had the money in their own hands, and were allowed to retain it to the amount of their costs. The taxation, which was made by the clerk was necessary only for the purpose of showing that there was no excess in their hands, beyond what by the judgment they were entitled to retain.

We are unable to perceive, from the very brief and imperfect statements in the bill of exceptions, in what manner the question upon which the parties were at issue was submitted to the jury But this is now of no consequence, because it is apparent that, whether the question of the liability of the defendants as the trustees of Page was left upon an issue properly proposed to the jury, or was submitted to the court upon their answer, the result would necessarily be the same. The verdict was for the

defendants, and the court, making a determination upon the facts strictly according to law, would have come to the same conclusion. The court would have found that this action could not be maintained, and that the defendants must consequently be discharged. *Exceptions overruled.*